RECEIVED

APR 0 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ANTONIO J. VELAZQUEZ<br>NINA LYNN-JETTON VELAZQUEZ<br>Individually and as tutors of LANEY VELAZQUEZ | CIVIL ACTION NO. 06-0174 |
| VS. | JUDGE WALTER |
| LAND COAST INSULATION, INC. | MAGISTRATE JUDGE METHVIN |

### RULING ON AMOUNT OF RULE 37(d) SANCTIONS

On February 22, 2007, the undersigned magistrate judge ordered, pursuant to F.R.Civ.P. 37(a)(4) of the Federal Rules of Civil Procedure, plaintiffs to pay the reasonable expenses and attorney fees of defendant, Land Coast Insulation, Inc. ("Land Coast"), caused by their failure to respond to outstanding discovery.[1] Land Coast was ordered to file a motion and affidavit of fees and costs incurred in filing the motion to compel. That affidavit is now before the court.[2] Plaintiff does not oppose the affidavit.

Land Coast seeks an award of $1,268.75 in legal fees. Land Coast requests an hourly rate of $175.00 for attorney Nora Stelly, whose affidavit details 7.25 hours spent in connection with preparing the motion to compel.

Rule 37(a)(4) FED. R. CIV. P. provides that when a motion to compel is granted the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including reasonable attorneys' fee. Reasonable attorneys' fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 38.

2

reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).

The undersigned has reviewed the affidavit and finds that the requested fees are reasonable. Considering this, and that the motion is unopposed, the undersigned concludes that an award of $1,268.75 reasonably compensates Land Coast for the expenses incurred in brining the motion to compel.

**IT IS THEREFORE ORDERED** that plaintiff shall forward payment to Rowan's counsel of record the sum of $1,268.75 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on April 5, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140       FAX 593-5155